**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170483-U

Order filed January 8, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-17-0483 Circuit No. 13-CF-1 |
| KIMBERLY L. NOWLAN-McCUE, | ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Justices Holdridge and McDade concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: The court did not err by summarily dismissing defendant's postconviction petition.

¶ 2     Defendant, Kimberly L. Nowlan-McCue, appeals the Kankakee County circuit court's summary dismissal of her postconviction petition, arguing that her petition stated the gist of a meritorious claim that appellate counsel was ineffective for failing to challenge the court's denial of her attorneys' request for a continuance. We affirm.

¶ 3                               I. BACKGROUND

¶ 4        Defendant was charged by indictment with two counts of first degree murder. 720 ILCS 5/9-1(a)(1), (2) (West 2012). On January 3, 2013, Edward Glazar Jr. and Robert Gifford were appointed as counsel for defendant. The order lists Glazar as the first chair and Gifford as the second chair. The case was set for trial on October 21, 2013. On September 19, 2013, Glazar withdrew as counsel due to a conflict of interest. Glazar stated, "[Imani] Drew is gonna come into my place. *** Mr. Gifford's well versed with the trial *** preparation, so we are not looking to continue the matter." Gifford was not present at that time. On the next court date on September 25, 2013, the following exchange occurred:

> "MS. DREW: Your Honor, I did have a discussion with the State. And as you know, I just got the case last week. I did do—
>
> THE COURT: You're gonna have to put it in writing if we're talking continuance.
>
> MS. DREW: That's fine. I'm just—
>
> THE COURT: I'm not inclined to continue it. Okay?
>
> MS DREW: Okay.
>
> THE COURT: I mean, I'm not gonna address it just verbally. If you've got a motion to continue, you got to put it in writing and notice it up.
>
> MS. DREW: Okay.
>
> THE COURT: Okay? *** Mr. Gifford's been with the case the entire time and it's still a virtually—still close to a month, that's where we're at. And that's what I was told when Mr. Glazar stepped out—that you would be ready. I just need to know—I would need to know, first of all, what's changed since that

2

representation. But one thing I would say on [this case] is don't spend the next week researching motions for continuance, spend the next week preparing for trial."

On October 4, Gifford and Drew filed a written motion to continue. The motion alleged that Glazar withdrew as counsel and tendered the main case file to Gifford. When Gifford looked at the main case file, he noticed that there were documents tendered by the State as well as work product and other documents that Gifford had not seen. The motion also alleged that Gifford and Drew needed more time to determine whether there were additional disclosures to be made to the State and wanted to consider whether to file a motion to suppress confession.

¶ 5        Following a hearing on the motion on October 7, the court noted that Glazar advised the court when he withdrew as defense counsel that the trial would not be delayed because Gifford was familiar with the file. The trial court stated that the defense's arguments supporting the request for a continuance were not persuasive. The trial court denied the defense's written motion to continue without prejudice. Following the court's ruling, defense counsel did submit a motion to suppress, but withdrew the motion before trial. In addition, prior to trial, defense counsel did not file a motion to continue.

¶ 6        On October 21, the process of jury selection began. The state made a pretrial request seeking leave of court to introduce text messages recovered from defendant's cell phone. The defense objected on the grounds that the text messages had not been timely produced to the defense during discovery. The court prohibited the State from using the text messages based on the late discovery.

¶ 7        After the five-day trial, the jury found defendant guilty of first degree murder. Defendant filed a motion for a new trial, alleging that the court erred by denying defendant's motion to

3

continue. In addition to reiterating the reasons contained in the written motion to continue, the motion for new trial alleged that Glazar prepared for the jury trial without any input or collaboration with Gifford. The motion for new trial alleged defense counsel needed additional preparation time to, *inter alia*, (1) investigate the victim's criminal history and reputation as a violent person, (2) evaluate the benefit of and pursue an expert in knives, (3) investigate defendant's mental state and mental health, (4) investigate a potential witness whose name was written in Glazar's file, (5) request and obtain phone records, (6) interview an occurrence witness not disclosed to the defense until October 7, 2013, (7) interview the first responders, and (8) request and obtain the police dispatch call log.

¶ 8        A hearing was held on the motion. The State argued that the court had denied the motion to continue without prejudice so defense counsel could have refiled the motion, which they had not done. The State also noted that the majority of defense counsel's reasons for needing a continuance set forth in the motion for a new trial were not included in the original continuance motion. Moreover, the State postulated that it was a strategic decision not to file a second motion to continue because then the incriminating text messages would not have been excluded.

¶ 9        The court agreed with the State, noting that defense counsel had the opportunity to file another motion to continue, but chose not to do so. Therefore, the court denied the motion for a new trial, finding that the denial of the motion to continue did not prejudice the defense. Defendant was sentenced to 28 years' imprisonment.

¶ 10       On direct appeal, defendant argued that the State failed to prove her guilty of first degree murder beyond a reasonable doubt and that trial counsel was ineffective for failing to object to a portion of some video evidence. *People v. Nowlan-McCue*, 2016 IL App (3d) 140289-U, ¶¶ 43, 52. This court affirmed. *Id.* ¶ 59.

4

¶ 11    In 2017, defendant filed a postconviction petition as a self-represented litigant, which is the subject of this appeal. In the petition, defendant argues, *inter alia*, that her fourth, sixth, and fourteenth amendment rights were violated when the court denied defense counsel a continuance and appellate counsel was ineffective for failing to raise the continuance issue on direct appeal. The court summarily dismissed the petition, finding it frivolous and patently without merit.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, defendant argues that the court erred by summarily dismissing her postconviction petition because her petition stated the gist of a constitutional claim. We conclude that the court properly dismissed defendant's petition because the record reveals the continuance issue was meritless.

¶ 14    The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2014)) sets out a three-stage proceeding in which a criminal defendant may assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage, the court must accept as true and liberally construe all of the allegations in the petition unless contradicted by the record. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). A defendant need only allege sufficient facts to state the "gist" of a constitutional claim in order for his petition to be forwarded to the second stage. *Hodges*, 234 Ill. 2d at 9. That is, the petition must assert " 'legal points arguable on their merits.' " *Id.* at 11 (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). A petition that has no arguable basis in fact or law is subject to dismissal. *People v. Tate*, 2012 IL 112214, ¶ 9. A petition lacking an arguable basis in fact or law is one "based on an indisputably meritless legal theory or a fanciful factual allegation." *Hodges*, 234 Ill. 2d at 16. For example, a claim that is completely contradicted by the record has no meritorious legal basis and

5

is subject to dismissal. *Id.* We review the court's summary dismissal *de novo*. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002).

¶ 15    At the outset, we find that the court properly dismissed defendant's claim that her rights were violated when the court denied defense counsel a continuance because it was barred by waiver. See *id.* (claims that could have been raised on direct appeal, but were not, are considered waived). However, defendant's claim that appellate counsel was ineffective for failing to raise this issue is not subject to waiver because she could not raise the issue in her direct appeal. *People v. Flores*, 153 Ill. 2d 264, 281-82 (1992).

¶ 16    At the first stage of postconviction proceedings, an ineffective assistance of appellate counsel claim must make an arguable assertion that (1) counsel's performance fell below an objective standard of reasonableness, and (2) defendant was prejudiced. *Hodges*, 234 Ill. 2d at 17. Appellate counsel is not required to brief every conceivable issue, and it is not incompetent for counsel to refrain from raising an issue that is without merit, unless counsel's appraisal of the merits is patently wrong. *People v. Simms*, 192 Ill. 2d 348, 362 (2000).

¶ 17    Here, the trial court took great care to protect the record for purposes of this appeal. The trial court did not permit defense counsel to make a verbal motion but required defense counsel to submit a written motion to continue for the court's consideration. The written motion of record contends a continuance was necessary because defense counsel discovered documents in Glazar's file that they had not seen previously. The motion stated defense counsel needed more time to review the documents to determine whether they needed to make additional disclosures to the State and to determine whether to file a motion to suppress confession.

¶ 18    During the hearing, the court took the time to ascertain on the record the reasons for the continuance and what work counsel believed still needed to be done. Notably, counsel did not

tell the court it needed to investigate the numerous issues that it subsequently included in its motion for a new trial.

¶ 19 When the motion for a continuance was denied on October 7, the court stated that if the defense filed a motion to suppress, the court would make time to hear the motion to suppress prior to trial. The motion to continue was denied without prejudice, thereby providing defense counsel with an opportunity to file another motion to continue in the two weeks before trial if they needed to do so. Counsel chose not to file another motion to continue. Notably, on the date of trial, defense counsel did not protect the record by stating they were unprepared for trial and needed additional time.

¶ 20 Based on this record, it appears appellate counsel did not raise this issue related to the continuance because the issue was meritless. Consequently, we conclude appellate counsel was not ineffective for failing to raise it.

¶ 21 III. CONCLUSION

¶ 22 The judgment of the circuit court of Kankakee County is affirmed.

¶ 23 Affirmed.