**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200112-U

Order filed August 26, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0112 Circuit No. 13-CF-1 |
| KIMBERLY L. NOWLAN-McCUE, | ) ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HAUPTMAN delivered the judgment of the court.
Justices Holdridge and McDade concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The circuit court properly dismissed defendant's successive postconviction petition where leave to file was not granted in accordance with section 122-1(f) of the Post-Conviction Hearing Act.

¶ 2    Defendant, Kimberly L. Nowlan–McCue, was convicted of first degree murder following a jury trial. Defendant's conviction was affirmed on direct appeal in *People v. Nowlan-McCue*, 2016 IL App (3d) 140289-U. This court affirmed the summary dismissal of defendant's postconviction petition in *People v. Nowlan-McCue*, 2020 IL App (3d) 170483-U. Defendant

filed a successive postconviction petition and now appeals the dismissal of that petition following a third-stage evidentiary hearing. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On December 21, 2017, during the pendency of defendant's appeal challenging the summary dismissal of her first postconviction petition in *Nowlan-McCue*, 2020 IL App (3d) 170483-U, defendant filed a *pro se* petition for relief from judgment (2-1401 petition) pursuant to section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2016). Defendant's 2-1401 petition chronicled multiple allegations of the physical and mental abuse she suffered at the hands of former boyfriends and her husband, Corey. Defendant argued that a recently enacted mitigating sentencing factor, providing that courts should consider whether domestic violence suffered by a defendant tended to excuse or justify their criminal conduct, should be applied retroactively to defendant's case at a new sentencing hearing. 730 ILCS 5/5-5-3.1(a)(15) (West 2020).

¶ 5        The public defender was appointed to represent defendant on the 2-1401 petition. On July 25, 2018, defendant's attorney filed a motion to recharacterize the 2-1401 petition as a postconviction petition under the Post-Conviction Hearing Act (the Act). 725 ILCS 5/122-1 *et seq.* (West 2018); see *People v. Shellstrom*, 216 Ill. 2d 45, 51 (2005). On July 30, 2018, defendant filed a motion for leave to file a successive postconviction petition. The circuit court granted defendant's motion to recharacterize the 2-1401 petition as a successive postconviction petition on October 26, 2018. The court further granted defendant leave to file a successive postconviction petition. The court neither memorialized its grant of leave in a written order nor advanced any discussion regarding defendant's demonstration of cause and prejudice.

¶ 6        On May 9, 2019, defendant filed an amended successive postconviction petition (successive petition). The State elected not to answer or file a motion to dismiss the successive petition, and the cause proceeded to an evidentiary hearing, which began on October 3, 2019, and concluded on February 28, 2020.[1] Following the evidentiary hearing, the court denied defendant postconviction relief. Defendant appeals.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, the parties seek a comprehensive review of the merits of defendant's successive petition, and the court's denial thereof, following a third-stage hearing. For the reasons set forth below, we cannot give the parties the review they seek.

¶ 9        Section 122-1(f) of the Act provides that a defendant may not file a successive postconviction petition without leave of the circuit court. 725 ILCS 5/122-1(f) (West 2020). Leave may be granted only if the defendant demonstrates cause for failure to raise the claim in their initial postconviction proceedings and prejudice results from that failure. *Id*. It is the defendant's burden under the statute to obtain leave of court before a successive postconviction petition may be filed so that further proceedings may follow. *People v. Tidwell*, 236 Ill. 2d 150, 157 (2010). As such, "it is incumbent upon defendant *** to prompt the circuit court to consider whether leave should be granted, and obtain a ruling on that question, *i.e.*, a determination as to whether defendant has demonstrated cause and prejudice." (Internal quotation marks omitted.) *Id*.; *People v. LaPointe*, 227 Ill. 2d 39, 44 (2007) (section 122-1(f) expressly conditions leave to file on the defendant's satisfaction of the cause-and-prejudice test); *People v. Thames*, 2021 IL App (1st) 180071, ¶ 84 (the circuit court must render a determination that each individual claim

_____

[1]On February 18, 2020, before the conclusion of the evidentiary hearing on defendant's successive petition, this court issued its mandate in *Nowlan-McCue*, 2020 IL App (3d) 170483-U, affirming the summary dismissal of defendant's first postconviction petition.

3

contained within the petition meets the cause-and-prejudice test). A successive postconviction petition is not considered filed for purposes of section 122-1(f), and further proceedings will not follow, until the court has determined that the cause-and-prejudice test has been satisfied, and leave is granted. *LaPointe*, 227 Ill. 2d at 44-45; *Tidwell*, 236 Ill. 2d at 157. If the defendant fails to obtain leave of the court by demonstrating cause and prejudice, the court should dismiss the successive postconviction petition. *People v. DeBerry*, 372 Ill App. 3d 1056, 1060 (2007).

¶ 10        In this case, the statutory prerequisite for the filing of a successive petition was never met, as the court granted defendant leave to file her successive petition without finding that defendant demonstrated cause and prejudice. Accordingly, the successive petition was never filed, and the circuit court should never have concerned itself with the merits of the successive petition. *LaPointe*, 227 Ill. 2d at 44-45. Under these circumstances, we decline to review the merits of defendant's successive petition. See *id*. at 44, *DeBerry*, 372 Ill. App. 3d at 1060. Because no statutory basis exists to return the matter to the circuit court for further proceedings, we affirm the circuit court's dismissal of defendant's successive petition.

¶ 11                      III. CONCLUSION

¶ 12        The judgment of the circuit court of Kankakee County is affirmed.

¶ 13        Affirmed.