Docket No. 103095.

IN THE
SUPREME COURT
OF
THE STATE OF ILLINOIS

---

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
PHILLIP E. LaPOINTE, Appellant.

*Opinion filed September 20, 2007.*

JUSTICE FREEMAN delivered the judgment of the court, with
opinion.

Chief Justice Thomas and Justices Fitzgerald, Kilbride, Garman,
Karmeier, and Burke concurred in the judgment and opinion.

**OPINION**

The circuit court of Du Page County denied petitioner, Phillip E.
LaPointe, leave to file a second postconviction petition. 725 ILCS
5/122–1 *et seq.* (West 2004). The appellate court affirmed the circuit
court's order. 365 Ill. App. 3d 914. We granted leave to appeal (210
Ill. 2d R. 315) and now affirm the judgment of the appellate court.

Background

LaPointe pled guilty to the 1978 murder of a taxi driver and
received a natural life sentence. Although the appellate court, on
direct appeal, reduced LaPointe's sentence to a 60-year term (*People
v. LaPointe*, 85 Ill. App. 3d 215 (1980)), this court reinstated the
natural life sentence. *People v. La Pointe*, 88 Ill. 2d 482 (1981).

Until 1998, LaPointe took no further action with respect to his conviction or sentence. Beginning in 1998, though, he began filing a series of collateral challenges to the conviction. The first, a federal *habeas corpus* petition, was ultimately dismissed by the district court as untimely. *United States ex rel. LaPointe v. Cooper*, No. 98–C–7557 (N.D. Ill. 1999). LaPointe then initiated state *habeas corpus* proceedings in 2001, arguing that his sentence was unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The circuit court dismissed the action, and the appellate court affirmed. *LaPointe v. Chrans*, 329 Ill. App. 3d 1080 (2002). In 2002, LaPointe filed his first postconviction petition, alleging that he had received ineffective assistance of trial and appellate counsel. In that petition, LaPointe again alleged that his sentence was unconstitutional under *Apprendi*. He later amended the petition to add a claim of actual innocence. The circuit court dismissed the petition, and the appellate court affirmed. *People v. LaPointe*, No. 2–02–0702 (2003) (unpublished order under Supreme Court Rule 23). A year later, LaPointe petitioned under section 116–3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116–3 (West 2002)) for DNA and fingerprint testing of evidence found at the murder scene, asserting that such testing would establish that he did not commit the murder. The circuit court dismissed the petition, and the appellate court affirmed. *People v. LaPointe*, No. 2–03–0890 (2005) (unpublished order under Supreme Court Rule 23).

The record indicates that on January 28, 2004, the clerk of the circuit court of Du Page County file stamped LaPointe's second petition for postconviction relief, which had been received by the clerk's office in the mail. In that petition, LaPointe alleged that his trial, appellate, and postconviction counsel had all been ineffective. Later, on April 2, 2004, LaPointe filed a "motion for leave to file" the second petition. In this motion, LaPointe acknowledged that he had been unaware, at the time he mailed his second petition to the clerk, that the legislature had recently amended the Act to limit the filing of successive petitions. He acknowledged that under the new amendment (725 ILCS 5/122–1(f) (West 2004)), he was entitled to file only one postconviction petition without leave of court. LaPointe requested the court to grant him leave to file the petition because he satisfied the new statute's conditions to permit the filing of his second petition.

On April 28, 2004, the circuit court denied La Pointe leave to file his second petition in an order. LaPointe thereafter filed a notice of appeal on May 11, 2004.

Three months later, LaPointe filed a motion in the circuit court. He alleged that he had never received an order disposing of the petition he filed in January 2004 and that, under section 122–2.1 of the Act (725 ILCS 5/122–2.1 (West 2004)), the circuit court's failure to rule on the merits of the petition within 90 days required that the petition be docketed for further proceedings. On July 23, 2004, the circuit court denied the motion, explaining that the April denial of LaPointe's motion for leave to file his second petition had ended the case.

LaPointe appealed from the July 23 order as well, and the appellate court consolidated it with LaPointe's appeal from the circuit court's denial of leave to file the second petition. After holding that it lacked jurisdiction to hear the appeal arising from the June 23 order, the appellate court affirmed the circuit court's order denying LaPointe leave to file his second postconviction petition. 365 Ill. App. 3d at 920.

Analysis

LaPointe contends that because the circuit court did not enter its order denying leave to file the petition within 90 days after its "filing," section 122–2.1 of the Post-Conviction Hearing Act (725 ILCS 5/122–2.1 (West 2004)) required that the petition should have automatically advanced to the second stage of proceedings. Because this issue presents a question regarding the interpretation of a statute, our review is *de novo*. *People v. Donoho*, 204 Ill. 2d 159, 172 (2003).

The Post-Conviction Hearing Act permits collateral constitutional challenges to criminal convictions and sentences. See 725 ILCS 5/122–1 *et seq*. (West 2004). Proceedings under the Act are commenced by the filing of a petition in the circuit court in which the original proceeding took place. 725 ILCS 5/122–1 (West 2004). Section 122–2.1 requires that "[w]ithin 90 days after the filing and docketing" of a petition, the circuit court is to examine the petition and enter an appropriate order pursuant to section 122–2.1. 725 ILCS 5/122–2.1(a) (West 2004). For example, the statute provides that "if

-3-

the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order ***. *** If the petition is not dismissed pursuant to this Section the court shall order the petition to be docketed for further consideration in accordance with Sections 122–4 through 122–6." (Emphasis added.) 725 ILCS 5/122–2.1(a)(2), (b) (West 2004); *People v. Porter*, 122 Ill. 2d 64, 85 (1988).

LaPointe notes that no action was taken by the circuit court on the petition received on January 28, 2004, until April 28, 2004. Because the April date was one day beyond the 90-day period allowed by statute, LaPointe argues, the petition should have been docketed for further consideration.

LaPointe's argument ignores the fact that the Act treats successive petitions differently than initial petitions. Specifically, section 122–1(f) of the Act provides:

> "Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." 725 ILCS 5/122–1(f) (West 2004).

The plain language of section 122–1(f) prohibits the filing of a successive postconviction petition without first obtaining leave of court. 725 ILCS 5/122–1(f) (West 2004). Because the statute expressly conditions leave to file on the petitioner's satisfaction of the cause-and-prejudice test, a second or successive petition cannot be considered filed despite its having been previously accepted by the clerk's office.

When LaPointe mailed his petition to the clerk's office for filing, he did so without the express leave of court mandated by section 122–1(f) of the Act. Under the plain language of the statute, the petition could be not accepted for filing until such leave had been given. LaPointe realized this in early April 2004, when he filed a motion expressly seeking leave from the circuit court to file the previously submitted second petition. Roughly three weeks later, the circuit court denied the motion, finding that LaPointe had failed to satisfy section 122–1(f)'s cause-and-prejudice test. Having been

denied leave to file the petition, LaPointe's case ended at that point without his second petition having ever been properly filed under the statute. Contrary to LaPointe's contentions, there is no statutory basis to return the matter to the circuit court for further proceedings under the Act.

## Conclusion

A second postconviction petition will not be considered filed until leave to file is expressly granted by the circuit court in accordance with section 122–1(f) of the Act. For this reason, the judgment of the appellate court is affirmed.

*Appellate court judgment affirmed.*