No. 2--05--1030          Filed: 11-1-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 90--CF--2705 |
| RAY C. SPIVEY, | ) ) | Honorable Robert J. Anderson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the opinion of the court:

Defendant, Ray C. Spivey, appeals from an order of the circuit court of Du Page County dismissing his successive postconviction petition. We affirm.

I. BACKGROUND

On August 27, 1994, a jury convicted defendant of attempt (aggravated criminal sexual assault) (Ill. Rev. Stat. 1989, ch. 38, par. 8--4) and home invasion (Ill. Rev. Stat. 1989, ch. 38, par. 12--11). The trial court later sentenced defendant to 15 years' imprisonment for the attempt conviction and 45 years' imprisonment for the home invasion conviction, with those sentences to be served consecutively.

On September 5, 1997, after we affirmed defendant's convictions and sentences (People v. Spivey, No. 2--94--1225 (1997) (unpublished order under Supreme Court Rule 23)), defendant filed a pro se petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West

1996)). The Act affords a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated in the proceedings that led to his conviction. People v. Pitsonbarger, 205 Ill. 2d 444, 455 (2002). The postconviction proceeding, which is a collateral proceeding rather than an appeal of the underlying judgment, is intended for review only of constitutional issues that were not, and could not have been, adjudicated on direct appeal. Pitsonbarger, 205 Ill. 2d at 455-56.

On September 24, 1997, the trial court appointed counsel to represent defendant on his postconviction petition. Subsequently, on October 27, 1999, counsel filed a motion to withdraw, which was granted on November 9, 1999. On January 20, 2000, the trial court appointed new postconviction counsel, who filed an amended postconviction petition on January 16, 2001, which was replaced with a second amended petition on March 9, 2001.

On July 2, 2001, the State filed a motion to dismiss, which the trial court granted as to all claims except defendant's claim under Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). On July 8, 2003, the trial court entered a final order dismissing defendant's postconviction petition in its entirety. On appeal, we affirmed. People v. Spivey, No. 2--03--0785 (2004) (unpublished order under Supreme Court Rule 23).

On June 29, 2005, defendant mailed the circuit clerk of Du Page County a second pro se postconviction petition, which was stamped "filed" on July 7, 2005. Defendant never obtained express leave of court to file the second petition. On July 26, 2005, the trial court summarily dismissed defendant's successive petition as frivolous and patently without merit, because "essentially all the claims that are raised, were previously raised in the earlier post conviction petition, and there is no showing or no demonstration in the petition as to any cause for any failure to raise any other point that wasn't raised in the first petition." After the trial court summarily dismissed his successive

petition, defendant filed a motion to reconsider alleging that cause existed for the filing of the petition, based on ineffective assistance of counsel. On September 16, 2005, the trial court denied that motion. Defendant timely appeals.

On February 14, 2007, this court denied the motion by the office of the State Appellate Defender for leave to withdraw. We observed that the trial court dismissed the petition as frivolous and patently without merit instead of denying defendant leave to file it. We directed the parties to brief "(1) whether, as to defendant's claim that trial counsel was ineffective for failing to move to quash a warrant, res judicata should be excused because the basis on which this court rejected the claim when it was raised in the first petition--that the warrant was not attached to the petition--was attributable to the unreasonable assistance of postconviction counsel; and (2) whether that claim otherwise states the gist of a meritorious claim." However, our supreme court has since made it clear that the legislature intended section 122--1(f) of the Act (725 ILCS 5/122--1(f) (West 2004)) to serve as a procedural hurdle that requires a prisoner to obtain express leave of court before filing a successive postconviction petition. People v. LaPointe, No. 103095, slip op. at 4 (September 20, 2007).

## II. ANALYSIS

Initially, we note that the State has moved to cite People v. Shipp, 375 Ill. App. 3d 829 (2007), as additional authority. The State's motion is allowed and we have considered the additional authority.

On appeal, defendant argues that the trial court erred by summarily dismissing his July 7, 2005, successive postconviction petition. In affirming the trial court's judgment, we find that

defendant's successive petition should have been dismissed based on his failure to comply with section 122--1(f) of the Act.

The Act contemplates that a prisoner will file only one postconviction petition. People v. Flores, 153 Ill. 2d 264, 273 (1992). In 2004, the legislature amended the Act by adding subsection 1(f), which requires a petitioner to obtain leave of court before filing a successive petition:

> "Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial postconviction proceedings and prejudice results from that failure." 725 ILCS 5/122--1(f) (West 2004).

A trial court's compliance with statutory procedure is a question of law, and the standard of review is de novo. Woods v. Cole, 181 Ill. 2d 512, 516 (1998). Our review is of the trial court's judgment, not the reasons for that judgment. People v. DeBerry, 372 Ill. App. 3d 1056, 1058 (2007), citing People v. Lee, 344 Ill. App. 3d 851, 853 (2003). Accordingly, our disposition of the judgment below is not dependent upon the trial court's reasoning. DeBerry, 372 Ill. App. 3d at 1058.

Both parties agree that defendant never obtained express leave of court to file his successive petition. Defendant argues that we should overlook his failure to obtain leave, both because the trial judge did not dismiss the successive petition on that basis and because defendant filed a motion for reconsideration in which he stated the gist of a meritorious claim of cause and prejudice. Defendant further argues that the trial court erred in summarily dismissing his successive petition, because defendant states the gist of a constitutional claim of ineffective assistance of counsel. The State, relying on DeBerry and Shipp, argues that under section 122--1(f), obtaining leave of court is a condition precedent or a procedural hurdle to filing a successive postconviction petition. The State

contends that, if a defendant fails to obtain leave, the trial judge should dismiss the successive petition, either sua sponte or on the State's motion, without considering the allegations in the successive petition. We agree with the State.

Although we denied leave to withdraw and ordered counsel to brief two issues in view of the fact that the trial court summarily dismissed defendant's successive petition as frivolous and without merit, we do not reach these issues in light of the supreme court's decision in LaPointe, which is dispositive of this appeal.

In LaPointe, the defendant mailed a successive postconviction petition to the clerk of the circuit court, who file stamped it on January 28, 2004. LaPointe, slip op. at 2. More than two months later, on April 2, 2004, the defendant filed a motion for leave to file the successive petition, acknowledging that he had been unaware of the legislature's amendment to the Act limiting the filing of successive petitions. LaPointe, slip op. at 2. Claiming that he satisfied the criteria of section 122--1(f), the defendant requested leave to file the successive petition. LaPointe, slip op. at 2. The trial court denied leave to file the successive petition, finding that the defendant had failed to satisfy the statutory cause-and-prejudice test. LaPointe, slip op. at 3. The appellate court affirmed the trial court. LaPointe, slip op. at 3. The supreme court affirmed the appellate court. LaPointe, slip op. at 5.

Our supreme court held that a successive petition is not even deemed to be filed unless the trial court expressly grants permission. LaPointe, slip op. at 4. "Because the statute expressly conditions leave to file on the petitioner's satisfaction of the cause-and-prejudice test, a second or successive petition cannot be considered filed despite its having previously been accepted by the

clerk's office." LaPointe, slip op. at 4. Thus, the court found that the defendant's petition had never been properly filed under the statute. LaPointe, slip op. at 4.

Here, defendant never obtained the trial court's express permission to file a successive petition pursuant to section 122--1(f) of the Act. While the trial court appeared to summarily dismiss this petition at stage one, its reasons and the stage of proceedings are immaterial to the result compelled by LaPointe.[1]

The DeBerry court presaged that decision when it held:

"[S]ection 122--1(f) unequivocally requires that a defendant must obtain leave of court before filing a successive petition, and if a defendant fails to do so, the court, whether sua sponte or on the State's motion, should dismiss any such petition. In taking this action, the court need not--and should not--concern itself with the merits of any claims, contentions, or arguments that the petition contains. Section 122--1(f) constitutes a procedural hurdle to any such consideration that the legislature has intentionally chosen to impose regarding such petitions. [Citation.]

Just as trial courts should not consider anything contained within a postconviction petition that violates section 122--1(f) of the Act, courts of review should be so limited as well. Accordingly, when, as here, we are reviewing the

---

[1]We note defendant's assertion that, in his motion to reconsider the dismissal of his successive petition, he stated the gist of cause and prejudice. Nevertheless, that motion was a motion to reconsider an order of dismissal entered per section 122--2.1(a)(2) of the Act; it was not a motion for leave to file a successive petition per section 122--1(f). Thus, as defendant never requested leave, we need not determine whether any such request would have been proper.

dismissal of defendant's postconviction petition and we conclude that section 122--1(f) has been violated, we have nothing further to discuss or review. That conclusion trumps anything that defendant's petition may contain." (Emphasis in original.) DeBerry, 372 Ill. App. 3d at 1060.

We therefore do not reach the merits or consider whether defendant's successive postconviction petition states the gist of a constitutional claim. See DeBerry, 372 Ill. App. 3d at 1060; see also Shipp, 375 Ill. App. 3d at 833. Under LaPointe, defendant's successive postconviction petition is not even considered as having been filed, as the trial court never granted express permission to file it. LaPointe, slip op. at 4.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GROMETER, P.J., and O'MALLEY, J., concur.