**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180535-U

Order filed September 11, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0535 Circuit No. 99-CF-811 |
| ANTOINE A. BROWN, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices O'Brien and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The circuit court properly denied leave to file successive postconviction petition where the defendant failed to demonstrate cause for not raising his claim in his original postconviction proceedings.

¶ 2     The defendant, Antoine A. Brown, appeals from the Peoria County circuit court's orders denying him leave to file a successive postconviction petition and granting appointed counsel's motion to withdraw from postconviction representation. He argues that he satisfied the cause and prejudice test and that the court's denial of leave to file was therefore erroneous. He also argues

that his proposed petition was not frivolous and patently without merit, such that appointed counsel should not have been allowed to withdraw. The defendant requests that we reverse each of these rulings and remand for further postconviction proceedings.

¶ 3                                                  I. BACKGROUND

¶ 4        The State charged the defendant with first degree murder (720 ILCS 5/9-1(a)(2) (West 1998)), alleging that the defendant committed the offense on August 21, 1999. The defendant pled guilty on December 1, 2000. In admonishing the defendant, the circuit court stated:

> "That charge is a class of offense of murder, First Degree Murder. The usual possible penalties for First Degree Murder are as follows: A sentence of not less than 20 nor more than 60 years in the Department of Corrections as a determinate term, followed by three years mandatory supervised release [(MSR)], and a possible maximum fine of $25,000. Those are the usual penalties available for the offense of First Degree murder."

Pursuant to the fully negotiated terms of the plea, the court sentenced the defendant to a term of 28 years' imprisonment.

¶ 5        The defendant filed a timely motion to withdraw his plea, in which he generally alleged that the plea had not been knowingly and voluntarily entered. The circuit court denied that motion, and this court affirmed. *People v. Brown*, No. 3-02-1004 (2004) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6        On May 16, 2005, the defendant filed a *pro se* postconviction petition in which he alleged several instances of ineffective assistance of counsel. The circuit court dismissed the petition at the first stage of postconviction proceedings. This court affirmed. *People v. Brown*, No. 3-05-0489 (2006) (unpublished dispositional order).

2

¶ 7    On January 27, 2017, the defendant filed a *pro se* "Motion to enforce terms of plea agreement or withdraw the plea in its entirety." In his motion, the defendant alleged that the circuit court had not admonished him that a term of MSR would attach to his sentence. The defendant asserted that he had not learned that he was obligated to serve a three-year term of MSR until a June 2016 conversation with his "assigned correctional counselor." The defendant argued that his plea had not been knowing and voluntary and the State had breached the terms of that agreement by "unilaterally modifying" his sentence in adding three years of MSR.

¶ 8    The court denied the defendant's motion, opining that it was akin to a motion to reconsider sentence or to withdraw the plea, neither of which the court had jurisdiction to consider. The court noted that the denial was without prejudice and that the defendant was free to refile the same claims in the form of a postconviction petition.

¶ 9    The defendant filed a *pro se* postconviction petition on March 6, 2017. The petition incorporated his previous motion in whole. The defendant's petition was not labeled successive, nor did it seek leave of court to file.

¶ 10    On June 21, 2017, the court ordered the defendant's petition docketed for further proceedings and appointed counsel to represent the defendant. The order was premised upon the fact that no action had been taken on the defendant's petition within 90 days.

¶ 11    One week later, appointed counsel filed a motion to withdraw. In his motion, counsel averred that the court could not address the defendant's petition because it had never granted leave to file a successive petition, and that the defendant would be unable to demonstrate the cause and prejudice required in order to attain such leave. Separately, counsel argued that the defendant's sole claim was frivolous and patently without merit because he had, in fact, been

3

admonished of the requisite period of MSR. The defendant filed a *pro se* objection to counsel's motion.

¶ 12　　At a hearing on counsel's motion to withdraw, counsel argued that the plea court's comments regarding "[t]he usual possible penalties" (*supra* ¶ 4) included the term of MSR, which was sufficient to apprise the defendant of his full sentence. This fact, counsel argued, prevented the defendant from demonstrating cause and prejudice, and also rendered his underlying claim meritless.

¶ 13　　The court agreed with counsel on both counts, simultaneously denying leave to file, finding the defendant's petition frivolous and patently without merit, and granting counsel's motion to withdraw.

¶ 14　　　　　　　　　　　　　　II. ANALYSIS

¶ 15　　On appeal, the defendant argues that the circuit court committed multiple errors. First, he contends that the court erred in denying leave to file a successive petition. Second, he argues that the court erred in granting counsel's motion to withdraw and denying the defendant's petition. The defendant requests that we reverse both rulings and remand the matter for second-stage postconviction proceedings as well as the appointment of new counsel.

¶ 16　　The Post-Conviction Hearing Act (Act) provides a three-stage process for the adjudication of postconviction petitions. 725 ILCS 5/122-1 *et seq.* (West 2016). A *pro se* petition will be advanced to the second stage of proceedings, and counsel appointed, if it states the gist of a constitutional claim and is not frivolous or patently without merit. *People v. Gaultney*, 174 Ill. 2d 410, 417-18 (1996); 725 ILCS 5/122-4 (West 2016). If the circuit court does not make any such substantive determination within 90 days of the filing of the petition, counsel will be

appointed and the petition docketed for second-stage proceedings. 725 ILCS 5/122-2.1 (West 2016); *id.* § 122-4.

¶ 17    The Act contemplates the filing of only a single postconviction petition. *Id.* § 122-1(f). Leave of court must therefore be attained before a defendant may file a successive petition. *Id.* Leave of court will only be granted where a defendant demonstrates cause for his failure to bring the claim in his initial postconviction petition and prejudice resulting from that failure. "Cause" in this context has been defined as a showing that "some objective factor external to the defense impeded [a defendant's] ability to raise the claim" earlier. *People v. Tenner*, 206 Ill. 2d 381, 393 (2002).

¶ 18    Prior to discussing the defendant's first argument, we must address what the defendant has characterized as the "unusual procedural posture" of this case. As the defendant's 2017 postconviction petition was not labeled as a successive petition, it appears that the circuit court was originally unaware of that fact. The court docketed the defendant's petition and appointed counsel pursuant to the 90-day rule found in section 122-2.1 of the Act. 725 ILCS 5/122-2.1 (West 2016). That rule, however, is not applicable to successive petitions. *People v. LaPointe*, 227 Ill. 2d 39, 44 (2007).

¶ 19    The parties nevertheless agree that a successive petition may not move forward until the court grants leave to file. See *People v. Tidwell*, 236 Ill. 2d 150, 161 (2010) ("[A] successive postconviction petition is not considered 'filed' for purposes of section 122-1(f), and further proceedings will not follow, until leave is granted, a determination dependent upon a defendant's satisfaction of the cause-and-prejudice test."). In other words, despite the circuit court's premature docketing of the petition, leave of court to file the petition remained a requirement that the defendant needed to satisfy. The defendant on appeal thus does not dispute the court's ability

5

to grant or deny leave to file at the time that it did; rather, he merely argues that the court's determination was substantively incorrect.

¶ 20	The primary point of contention between the defendant and the State on this appeal concerns whether the circuit court's admonishments at the time of the defendant's guilty plea sufficiently informed him that he would be obligated to serve a three-year term of MSR. The State argues—as did appointed counsel in his motion to withdraw—that the defendant's claim that he was unaware of the MSR term until 2016 is affirmatively rebutted by the record of the plea proceedings, which shows that the court referenced it explicitly. See *supra* ¶ 4. The defendant argues that the court's reference to MSR was made only in the context of its discussion of "usual possible penalties," and that those comments therefore did not establish that the three-year MSR term would be applicable to the defendant.

¶ 21	In focusing on whether the record rebuts the defendant's claims, both parties ignore the actual operative inquiry of the cause and prejudice test. Even if it is true that the defendant was unaware of his MSR term until his 2016 discussion with a correctional counselor, it must still be considered whether that unawareness constitutes an "objective factor external to the defense [that] impeded [the defendant's] ability to raise the claim" in his original postconviction petition. *Tenner*, 206 Ill. 2d at 393. Indeed, the defendant's entire argument on *that* point is limited to a single, conclusory sentence: "[The defendant's allegations] also satisfied the cause aspect of the test because he could not have raised the issue earlier unless he knew he would have to serve a period of MSR following the completion of his 28-year prison sentence."

¶ 22	The defendant's position is directly refuted by our supreme court's decision in *People v. Evans*, 2013 IL 113471. The defendant in *Evans* filed a motion for leave to file a successive postconviction petition, alleging that "when it imposed defendant's 12-year prison sentence, the

6

trial court neither mentioned nor imposed an additional term of [MSR]. Nevertheless, defendant has since learned that he will be required to serve a three-year term of MSR following his release from prison." *Id.* ¶ 5.

¶ 23    The supreme court found that *Evans* had "assert[ed] as 'cause' something that, as a matter of law, can never be 'cause.' " *Id.* ¶ 12. The court explained that the defendant's purported "cause" for failing to raise his claim earlier was nothing more than his own ignorance of the law, which could not excuse his delay. *Id.* ¶ 13. The court concluded:

> "[T]he only excuse that defendant proffers for not raising the MSR claim sooner is that he only 'just discovered' that he would be subject to a three-year term of MSR following his release. But at the time defendant was sentenced, as well as at the time of both his direct appeal and his initial postconviction proceeding, the Unified Code of Corrections [(Code)] expressly provided that, by operation of law, every Class X sentence 'shall include as though written therein a [three-year term of MSR] in addition to the term of imprisonment.' 730 ILCS 5/5-8-1(d)(1) (West 2004). Defendant is presumptively charged with knowledge of this provision, and, as a matter of law, his subjective ignorance of it is not 'an objective factor that impeded' his ability to raise the MSR claim sooner." *Id.* (quoting 725 ILCS 5/122-1(f) (West 2008)).

¶ 24    In the present case, the defendant claims that he could not have raised his claim in his earlier postconviction petition because he did not learn about his MSR term until a 2016 conversation with a correctional counselor. At the time the defendant committed first degree murder and when he pled guilty, the Code mandated that a three-year term of MSR be attached to any non-life sentence imposed for first degree murder. 730 ILCS 5/5-8-1(d)(1) (West 1998);

730 ILCS 5/5-8-1(d)(1) (West 2000). Under *Evans*, the defendant is charged with having knowledge of that particular provision, at least for the purposes of demonstrating cause. *Evans*, 2013 IL 113471, ¶ 13. Because the defendant therefore failed to identify "some objective factor external to the defense" that prevented him from raising his claim in his earlier postconviction petition, the circuit court properly denied leave to file a successive petition. *Tenner*, 206 Ill. 2d at 393.

¶ 25    Denial of leave to file a successive postconviction petition necessarily precludes consideration of the merits of that petition. See *Tidwell*, 236 Ill. 2d at 161. We therefore need not consider the defendant's further argument that the court erred in substantively denying his petition as frivolous and patently without merit.

¶ 26                    III. CONCLUSION

¶ 27    The judgment of the circuit court of Peoria County is affirmed.

¶ 28    Affirmed.