2022 IL App (2d) 200591-U
No. 2-20-0591
Order filed March 28, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04-CF-1265 |
| GREGORY TOMBERG, | ) ) ) | Honorable Jeffrey S. MacKay, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice Bridges and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court properly denied defendant's motion for return of his property following his prosecution for predatory criminal sexual assault of a child. Retention of the property was plainly authorized by statute given the nature of the prosecuted offense and the type of property at issue. Defendant cites no pertinent legal authority to support his request for return of lawfully seized property that might be relevant to future litigation.

¶ 2    In 2004, Itasca police executed a search warrant for the residence and vehicle of defendant, Gregory Tomberg. In 2008, after a jury trial, defendant was convicted of eight counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a) (West 1996)) and four counts of aggravated criminal sexual assault (*id.* § 12-14(b)). The court sentenced him to a total of 100 years

in prison. On appeal, we confirmed his convictions and sentences. *People v. Tomberg*, No. 2-08-0182 (unpublished order under Illinois Supreme Court Rule 23). In 2011, defendant filed a petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010)). The trial court summarily dismissed the petition and we affirmed. *People v. Tomberg*, 2012 IL App (2d) 110985-U.

¶ 3     In 2020, defendant filed a *pro se* petition for the return of property that the police had seized. The State objected to the return of most of the items. After a hearing, the trial court denied defendant's request for the return of the disputed items and denied his motion to reconsider. Defendant appeals *pro se*. We affirm.

¶ 4                                   I. BACKGROUND

¶ 5     Defendant's petition alleged as follows. On May 11, 2004, Itasca police officers arrested him, searched his residence and vehicle, and seized numerous items. In 2019, defendant mailed requests to the police department and the Du Page County State's Attorney's office for the return of numerous specified items. He received no response. Defendant's 2020 petition for return of his property listed 24 categories of personal property that he wanted to be returned to his sister, Pamela Gretza. The petition did not provide any statutory basis or other legal authority for ordering the return of the items.

¶ 6     The State did not file a response. On June 25, 2020, the trial court held a hearing where the assistant State's attorney appeared, arguing that the State should retain the evidence. Fisher told the court that defendant might file a successive postconviction petition, or the State might petition to have him adjudged a sexually violent person. Moreover, among the items seized were photographs of a minor whom defendant had admitted molesting; there had been no prosecution to date, but one was possible.

¶ 7    The trial court stated that it would order the release of the uncontested items. The court then noted that it had gone through the police department's inventory of the seized items. All items were seized lawfully; no court had held otherwise. Of the contested items: (1) some were contraband, 2) defendant had used some to commit sexual offenses, (3) some could not be lawfully possessed by a convicted sex offender, and (4) other items could have evidentiary value in future proceedings, such as a collateral attack on the judgment.

¶ 8    The court entered a written order requiring the return of the uncontested items to Gretza. For reasons stated at the hearing, it denied defendant's petition as to the remaining items and ordered the Itasca Police Department to preserve them.

¶ 9    Defendant moved to reconsider the judgment, contending that none of the items he wanted to be returned were contraband or were proven to have been involved in any illegality. Defendant disclaimed any wish to possess any of the items in prison but contended that family members should have the items returned to them.

¶ 10    On September 25, 2020, the court held a hearing where the assistant State's attorney appeared for the State. He reiterated his arguments from the previous hearing. He argued further that, under section 116-4 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/116-(4) (West 2020)), in a sexual-offense case such as this one, the police are required to retain any seized evidence that might contain forensic evidence until the completion of the defendant's sentence. He asserted that even items that were not contraband had potential evidentiary value. Moreover, some items were recovered from a garbage container, so defendant had no possessory interest in them.

¶ 11    The court denied defendant's motion to reconsider. It reiterated its reasoning from the initial hearing and added that section 116-4 of the Code defeated the petition. Defendant appealed.

¶ 12                                    II. ANALYSIS

¶ 13     In his *pro se* appeal, defendant contends that he is entitled to the return (to his sister) of the contested articles of personal property that the police had seized.  Essentially, defendant reiterates the arguments that he made in his petition and his motion to reconsider the judgment.  Defendant cites a single legal authority, *People v. McCavitt*, 2019 IL App (3d) 170830, *rev'd* 2021 IL 125530, to support his claim of error.

¶ 14     Defendant also contends that section 116-4 does not apply retroactively here because it was enacted after he was arrested and his home and vehicle were searched.  However, defendant cites no basis for claiming that section 116-4 was enacted after the searches and seizures here (a false notion anyway (see Pub. Act 91-871, § 10 (eff. Jan. 1, 2001) (adding 725 ILCS 5/116-4))) or that, if this were so, the statute could not apply retroactively.  According to Illinois Supreme Court Rule 341(h)(7) (eff. Nov. 1, 2017), arguments not raised on appeal are forfeited.  An appellant may not preserve a contention by asserting it baldly.  A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not a depository into which the appealing party may dump the burden of argument and research.  *People v. Hood*, 210 Ill. App. 3d 743, 746 (1993).  Indeed, insufficiently developed arguments are forfeited.  See *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991).  The retroactivity issue is potentially complex, and we shall not plunge into it on our own.

¶ 15     Turning to the merits, respondent's appeal fails in two respects.  First, partly because of his forfeiture, he does not refute the trial court's conclusion that section 116-4 defeated his petition.  Second, even aside from section 116-4, he does not provide any valid authority as a basis for his petition.

¶ 16    Because defendant presents us with issues of law, our review is *de novo*.  See *People v. Henderson*, 343 Ill. App. 3d 1108, 1115 (2003).

¶ 17    As pertinent here, section 116-4 reads:

> "(a) Before or after trial in a prosecution for a violation of Section *** 12-14 *** of the Criminal Code of 1961 ***unless otherwise provided herein under subsection (b) or (c), a law enforcement agency or an agent acting on behalf of the law enforcement agency shall preserve, subject to a continuous chain of custody, any physical evidence in their possession or control that is reasonably likely to contain forensic evidence, including, but not limited to, fingerprints or biological material secured in relation to a trial and with sufficient documentation to locate that evidence.
>
> (b) After a judgment of conviction is entered, the evidence shall either be impounded with the Clerk of the Circuit Court, or shall be securely retained by a law enforcement agency.  *** Retention shall be until the completion of the sentence, including the period of mandatory supervised release for the offense ***.
>
> (c) After a judgment of conviction is entered, the law enforcement agency required to retain the evidence described in subsection (a) may petition the court with notice ***."

¶ 18    An unambiguous statute must be applied straightforwardly.  *People v. LaPointe*, 365 Ill. App. 3d 914, 921 (2006), *aff'd*, 227 Ill. 2d 39 (2007).  Here, we do so.  Section 116-4 plainly requires the retention of the evidence.

¶ 19    We turn to our second basis for affirmance. As in the trial court, respondent has failed to provide any valid legal authority requiring the immediate return of evidence seized legally and might be relevant to possible future litigation.[1]

¶ 20    Defendant cites no statutory authority at all. His sole case authority is the appellate court's opinion in *McCavitt*, which our supreme court reversed. Thus, defendant's argument lacks any valid legal authority and we could deem it forfeited. However, we shall examine *McCavitt* to show why it has no application here.

¶ 21    In *McCavitt*, in 2013, the defendant, a Peoria police officer, was charged with aggravated criminal sexual assault, based on images the police found via a search of his computer. The search was under a warrant authorizing a search for digital images or other evidence of aggravated criminal sexual assault, unlawful restraint, or unauthorized video recording. Detective Jeff Avery copied the computer's hard drive (EnCase file) and saved it on his computer. After the defendant was acquitted of all charges in 2014, he requested the return of his property, including the computer. The trial court denied the request. *McCavitt*, 2019 IL App (3d) 170830, ¶¶ 2-5.

¶ 22    In 2014, as part of a department investigation Detective James Feehan obtained a copy of the EnCase file from Avery, and found apparent child pornography. The defendant moved for the return of his property. The trial court never ruled on the motion. The defendant was charged with

---

[1] We note that, in particular, respondent does not provide authority requiring that a court or police department return one person's property to another who has no possessory interest herself in the property, especially where the former concedes that he will probably be incarcerated for the rest of his life and disclaims any interest in physically possessing any item himself. However, as this issue was not squarely raised by the State or the trial court, we shall not address it further.

unauthorized video recording. Feehan obtained a warrant to search the EnCase file and found more pornography. The defendant was charged with multiple counts of child pornography, based on images from the EnCase file. *Id.* ¶¶ 6-8. He moved to suppress the images, arguing that as he had been acquitted of the 2013 charges, no charges were pending when the 2014 warrant was obtained. The trial court denied the motion, and, after a jury trial, defendant was found guilty of numerous charges based on the EnCase file. *Id.* ¶¶ 8-11.

¶ 23    On appeal, the defendant argued first that the 2014 search violated the fourth amendment. The State responded primarily that the defendant had no expectation of privacy in the EnCase file, because it had been lawfully seized. *Id.* ¶ 13. The appellate court held that, once an item has been lawfully seized and searched, it may be searched again without a warrant as long as the item remains in the continuous possession of the police. *Id.* ¶ 17. However, "the government may not retain seized property indefinitely." *Id.* ¶ 21. Defendant relies upon this passage without further elaboration or discussion of its context in *McCavitt*.

¶ 24    The appellate court next observed that the fourth amendment "may be violated when the State fails to quickly return information contained in a mirrored hard drive *that is not within the scope of the warrant*." (Emphasis added.) *Id.* ¶ 21. The court then held that Feehan's 2014 search "without a warrant" violated defendant's fourth amendment rights because the police retained data in the EnCase file that did not fit within the scope of the 2013 warrant. *Id.* ¶ 25. Therefore, the police could not legally retain the EnCase file once the trial ended. *Id.* The court reversed the defendant's convictions and remanded the cause (*id.* ¶¶ 28-32).

¶ 25    The supreme court reversed the appellate court and affirmed the trial court. The court noted that the defendant had failed to invoke legal authority for the return of his computer or copies of his hard drive. *Id.* ¶¶ 80-81. The court further held that Feehan's 2014 search had not exceeded

the scope of the 2013 warrant, because he was looking broadly for evidence of unauthorized video recording; the child pornography was properly seized under the plain-view doctrine. *McCavitt*, 2021 IL 125550, ¶¶ 13-15.

¶ 26    *McCavitt* is pertinent only to the extent that it undermines defendant's claim. Like the defendant in *McCavitt*, defendant cites no valid legal basis for the return of property seized per a valid warrant. Moreover, he does not even contend that the seizures exceeded the warrant's scope, making his argument, if anything, even weaker than the defendant's in *McCavitt*. Therefore, we must reject his appeal.

¶ 27                                    III. CONCLUSION

¶ 28    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 29    Affirmed.