2022 IL App (1st) 210511-U
No. 1-21-0511
Order filed June 13, 2022

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | Nos. 15 CR 1923 15 CR 1924 |
| EVERETT VAUGHN, | ) ) ) | Honorable James M. Obbish, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE HYMAN delivered the judgment of the court.
Justices Pucinski and Walker concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We reverse the circuit court's summary dismissal of defendant's postconviction petition, where defendant raised an arguable claim that trial counsel was ineffective for misadvising him regarding a mandatory firearm enhancement.

¶ 2     Everett Vaughn appeals from the summary dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2020)). On appeal, Vaughn contends he raised an arguably meritorious claim that trial counsel was ineffective for erroneously

informing him that a mandatory firearm enhancement would not apply should he be found guilty following trial, thereby causing him to reject a plea offer.

¶ 3    We reverse and remand for second stage proceedings. Because we must take Vaughn's claims as true at the first stage of postconviction proceedings, and nothing in the record affirmatively refutes his allegations, Vaughn has established the gist of an ineffective assistance of counsel claim and showed arguable prejudice.

¶ 4                                    Background

¶ 5    The State charged Vaughn in case Nos. 15 CR 1923 and 15 CR 1924 with several offenses arising from two robberies of the same gas station. The trial court found Vaughn guilty of armed robbery with a firearm and aggravated unlawful restraint following simultaneous bench trials. In each case, the court merged the findings of guilt into a single count of armed robbery with a firearm and imposed concurrent terms of 27 years' imprisonment. We presented the facts in this court's consolidated order on direct appeal. See *People v. Vaughn*, 2020 IL App (1st) 171490-U. Accordingly, we recount only the facts necessary to resolve this appeal.

¶ 6    At arraignment on March 6, 2015, Vaughn informed the court that he had hired an attorney who was not present. The court appointed an Assistant Public Defender (APD), gave the APD a copy of the indictments, and read the charges but not the potential sentencing ranges. Private trial counsel appeared on April 28, 2015, and the APD received leave to withdraw.

¶ 7    On July 7, 2015, trial counsel and the Assistant State's Attorney first discussed the possibility of a plea agreement on the record. Vaughn was present in court. The following colloquy occurred:

"[TRIAL COUNSEL]: I'm hoping that the State will be able to formulate an offer, and we can see where we're moving on these cases.

[THE COURT]: What day do you want? Unless you're going to try to resolve it today.

[TRIAL COUNSEL]: It involves a firearm enhancement. It involves armed robberies.

[ASA]: Sometimes people get me mitigation.

[TRIAL COUNSEL]: *** I'll try to get some mitigation together and all the discovery done and be in a position to talk seriously about disposing of it."

¶ 8       On October 20, 2015, with Vaughn present, trial counsel informed the court that he discussed the case with Vaughn and stated that counsel had "to move in the direction of trial" because "[t]he minimum is very high in this matter." The ASA commented that he understood Vaughn did not want an offer. Trial counsel then stated, "[w]ell he might want an offer. I would like to receive an offer." The court asked Vaughn whether he wanted trial counsel to seek an offer from the State, and Vaughn responded, "yes." The court asked whether the State would make an offer on the next court date, and the ASA responded affirmatively.

¶ 9       On November 3, 2015, with Vaughn present, trial counsel informed the court that he had preliminary discussions with the State about a plea agreement and "need[ed] to talk with the defendant about that and give them some mitigation to see if we can move this along." The pretrial record contains no further discussion about plea negotiations, charges, or sentencing ranges.

¶ 10      The cases proceeded to simultaneous bench trials. The evidence showed that Vaughn robbed a gas station on November 3, 2014, wearing a hat, hoodie, Air Jordan sneakers, construction

vest, and mask and used a green pillowcase to hold the proceeds. During that incident, Vaughn pointed a firearm at an employee of the gas station, Claudia Szczerba. On January 14, 2015, Vaughn robbed the same gas station while wearing a mask, construction vest, and hoodie and pointed a firearm at Szczerba and Daniel Caguana. Following the January 14 incident, Szczerba saw Vaughn leave in a red car. She gave police the car's year, make, and partial license plate number.

¶ 11    Investigating police officers saw Vaughn driving a car matching Szczerba's description, curbed it, and discovered packaging for a half-face mask. Officers also met with Vaughn's girlfriend, who allowed them to search her apartment. They discovered bags containing a yellow and orange construction vest, blue-green pillow case, half-face mask, BB gun, a loaded firearm, a hat, hoodie, and Air Jordan sneakers.

¶ 12    Szczerba identified Vaughn from a photo array and the mask, firearm, and construction vest used in the robbery. She also confirmed both robberies involved a firearm. Caguana did not identify Vaughn from a lineup.

¶ 13    In case No 15 CR 1923, the court found Vaughn guilty of armed robbery and the aggravated unlawful restraint of Szczerba and Caguana. In case No. 15 CR 1924, the court found Vaughn guilty of armed robbery and the aggravated unlawful restraint of Szczerba. In each case, the court merged the counts into a single count of armed robbery.

¶ 14    During sentencing, trial counsel requested the "low end" of the sentence range, "21 to 45 years in prison." The trial court imposed concurrent 30-year sentences for armed robbery, commenting that Vaughn could have killed a bystander, and thus armed robbery with a firearm "carries with it the heavy penalties that the legislature has provided." The court commented that

the sentences include "the 15 year sentencing enhancement for use of a firearm." Vaughn filed a motion to reconsider, and the trial court reduced each sentence to 27 years.

¶ 15    On direct appeal, Vaughn argued that (i) the trial court erred in denying his motions to suppress evidence, and (ii) his 27-year sentences were excessive given his lack of criminal background. We affirmed. See *Vaughn*, 2020 IL App (1st) 171490-U.

¶ 16    On September 20, 2020, Vaughn filed a *pro se* postconviction petition alleging that appellate counsel was ineffective for not arguing that trial counsel was ineffective. Vaughn alleged that trial counsel informed him "countless of times" that he faced 6 to 30 years' imprisonment and "no enhancement will be applied or required" because he was a first-time offender and "no one got hurt." Vaughn claimed that the State offered a plea bargain for 13 years' imprisonment, which trial counsel advised was "excessive," and counsel informed Vaughn he would face the "same range of time" if he elected a bench trial. According to Vaughn, trial counsel's advice caused him to reject the State's offer "still on the table prior to trial." Had Vaughn known 15 years would be added to his sentence, he would never have gone to trial. Vaughn first discovered that he faced a mandatory 15-year sentencing enhancement at sentencing.

¶ 17    Vaughn attached transcripts from the July 7, October 20, and November 3, 2015, court dates and trial and sentencing transcripts. Vaughn alleged that after the July 7 appearance, trial counsel stated that "after discussion with the State," Vaughn did not "have to worry" about sentencing enhancements because it was his first arrest, no one got hurt during the offense, and "people who have been convicted of 3 Class X's receive these enhancements." According to Vaughn, counsel also said that the State was offering 13 years' imprisonment, which counsel expressed was "to[o] high."

¶ 18    Vaughn further alleged that after the October 20 court date, trial counsel repeated the State's 13-year offer and stated it was too high for a first offense. Counsel stated that Vaughn would receive the same sentence following a bench trial. After the November 3 court date, trial counsel repeated that 13 years was "too much," the court would sentence him to something in the same range in a bench trial, and Vaughn did not have to worry about sentencing enhancements because they did not "apply" to him.

¶ 19    Vaughn attached his affidavit, averring that, had he known armed robbery carried a 15-year sentence enhancement, he would never have proceeded to trial. He would have accepted the State's offer had trial counsel not advised him and his family "over and over" that the court would not apply an enhancement to his sentence. Vaughn also attached five affidavits from family members, each averring that trial counsel told them that the court could not impose a sentencing enhancement because Vaughn was a first-time offender. Each averred counsel stated Vaughn "might as well" elect a bench trial because the judge would impose about the same range sentence as the State's 13-year plea offer was he found guilty.

¶ 20    On December 4, 2020, the circuit court summarily dismissed Vaughn's petition as frivolous and patently without merit. The court interpreted Vaughn's petition as arguing ineffective assistance of trial counsel, rather than appellate counsel, because it addressed facts not of record that appellate counsel could not have raised. The court then determined the allegations lacked merit because the record contradicted Vaughn's assertion that the State offered him a plea bargain for 13 years by July 7, 2015. The court commented that trial counsel's statement on the record that the minimum was "very high" contradicted Vaughn's allegations that trial counsel advised him that he faced a six-year minimum sentence following trial. Additionally, the court noted that trial

counsel stated on the record that a firearm enhancement applied, although Vaughn alleged that counsel advised him otherwise. The court concluded that even taking Vaughn's allegations as true, he could not show prejudice by relying on trial counsel's private advice while ignoring counsel's statements on the record.

¶ 21    Vaughn mailed a motion for leave to file a late notice of appeal on March 6, 2021, which this court allowed on May 28, 2021.

¶ 22                                     Analysis

¶ 23    On appeal, Vaughn argues that the circuit court erred in summarily dismissing his postconviction petition because he presented an arguably meritorious claim that trial counsel was ineffective for failing to advise him that he faced a mandatory 15-year sentencing enhancement. This led to his rejecting the State's plea bargain offer of 13 years in prison. Vaughn claims that the record does not "positively rebut" his claims, and thus his petition should have advanced to second-stage proceedings.

¶ 24    The Act provides a three-stage mechanism for defendants to challenge convictions resulting from alleged violations of federal or state constitutional rights. 725 ILCS 5/122-1 *et seq*. (West 2018); *People v. LaPointe*, 227 Ill. 2d 39, 43 (2007). At the first stage, the circuit court must independently review the petition, taking the allegations as true, and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). A petition becomes frivolous or patently without merit when it has no arguable basis in law or fact and, instead, is based on a meritless legal theory or fanciful factual allegations. *People v. Hodges*, 234 Ill. 2d 1, 11-13, 16 (2009). A meritless legal theory involves a theory completely contradicted by the record. *People v. White*, 2014 IL App (1st)

130007, ¶ 18. Fanciful factual allegations "include those which are fantastic or delusional." *Hodges*, 234 Ill. 2d at 17.

¶ 25    The petition needs to present a limited amount of detail. *Edwards*, 197 Ill. 2d at 244. Although a *pro se* petitioner must set forth the gist of a constitutional claim, this low threshold does not excuse the petitioner from providing some factual detail regarding the alleged constitutional violation. *Hodges*, 234 Ill. 2d at 10. " '[W]hile a *pro se* petition is not expected to set forth a complete and detailed factual recitation, it must set forth some facts which can be corroborated and are objective in nature or contain some explanation as to why those facts are absent.' " *Id.* (quoting *People v. Delton*, 227 Ill. 2d 247, 254-55 (2008)).

¶ 26    In determining whether a petition presents a valid claim for relief, "the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding," as well as any affidavits, records, or other evidence supporting the allegations. 725 ILCS 5/122-2.1(c) (West 2018); 725 ILCS 5/122-2 (West 2018). In deciding the sufficiency of a petition at the first stage, "the court is precluded from making factual and credibility determinations." *People v. Robinson*, 2020 IL 123849, ¶ 45.

¶ 27    Because the trial court summarily dismissed Vaughn's petition at the first stage, our review is *de novo*. *Hodges*, 234 Ill. 2d at 9.

¶ 28    To state a claim of ineffective assistance of counsel in first stage postconviction proceedings, a defendant must demonstrate it is arguable (i) counsel's performance "fell below an objective standard of reasonableness" and (ii) prejudice by counsel's deficient performance. *Id.* at 17 (citing *Strickland v. Washington*, 466 U.S. 668, 678-88 (1984)). More specifically, a defendant

must show that it is arguable "counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v. Cathey*, 2012 IL 111746, ¶ 23 (quoting *Strickland*, 466 U.S. at 694).

¶ 29    Under the sixth amendment, defendants have the right to effective assistance of counsel during plea negotiations, including to be reasonably informed about the direct consequences of accepting or rejecting a plea offer. *People v. Hale*, 2013 IL 113140, ¶ 16. The right "extends to the decision to reject a plea offer, even if the defendant subsequently receives a fair trial." *Id*. To establish prejudice in this context, the defendant must demonstrate a reasonable probability that, defendant would have accepted the State's plea offer absent counsel's deficient advice. *Id*. ¶ 18. "[T]here must be 'independent, objective confirmation that [the] defendant's rejection of the proffered plea was based upon counsel's erroneous advice,' and not on other considerations." *Id*. (quoting *People v. Curry*, 178 Ill. 2d 509, 532 (1997)). The disparity between the sentence the defendant faced and a significantly shorter plea offer can support the claim of prejudice. *Id.*

¶ 30    Armed robbery carries a sentencing range of 6 to 30 years' imprisonment (720 ILCS 5/18-2(a)(1), (b) (West 2014); 730 ILCS 5/5-4.5-25(a) (West 2014)), and a mandatory sentencing enhancement of 15 years applies (720 ILCS 5/18-2(a)(2), (b) (West 2014)).

¶ 31    Liberally construing the allegations in Vaughn's petition and taking them as true, arguably, counsel's performance was objectively unreasonable. Vaughn, charged with armed robbery with a firearm, faced a sentence of 6 to 30 years in prison plus a mandatory 15-year enhancement, for a total possible sentence of 21 to 45 years. 720 ILCS 5/18-2(a)(2), (b) (West 2014); 730 ILCS 5/5-4.5-25(a) (West 2014). Taking as true Vaughn's allegations that counsel repeatedly told him no

enhancement would apply to him, counsel's advice was objectively incorrect. Further, counsel's alleged advice that if a court found Vaughn guilty after a bench trial, the court would impose a sentence in the 13-year range was also incorrect, as the minimum sentence was 21 years in prison. Finally, Vaughn supported his allegations with multiple affidavits, including his own. Therefore, we find he demonstrated an arguable claim that counsel's performance fell below an objective standard of reasonableness.

¶ 32    Similarly, again liberally construing the allegations in Vaughn's petition and taking them as true, arguably, he was prejudiced by trial counsel's alleged erroneous advice about the consequences of proceeding to trial rather than accepting a plea bargain for 13 years' imprisonment. Vaughn claims counsel advised him that the plea bargain had been offered but that Vaughn would receive a comparable sentence if found guilty following trial because the court would not add a firearm enhancement due to his status as a first-time offender. Based on this advice, Vaughn rejected the plea offer. The trial court imposed concurrent 27-year prison terms At sentencing, which included mandatory 15-year firearm enhancements, 14 years more than the plea offer. Taking Vaughn's assertions as true, he has established prejudice. See *Hale*, 2013 IL 113140, ¶ 18.

¶ 33    The State contends that the record does not show the prosecution offered a 13-year plea bargain. According to the State, the record establishes that the State and trial counsel did not begin negotiating until just before the November 3, 2015, court date, contrary to Vaughn's claim that trial counsel informed him of an offer as early as July 7, 2015. Further, as trial counsel stated on the record that the case "involve[d]" a firearm enhancement and the minimum was "very high,"

the State argues that the record establishes trial counsel understood that a mandatory firearm enhancement applied, contradicting Vaughn's allegations.

¶ 34    At the first stage of postconviction proceedings, the pleadings must be accepted as true unless they are "completely contradicted by the record." *Allen*, 2015 IL 113135, ¶ 25; see also *People v. Coleman*, 183 Ill. 2d 366, 385 (1998) ("fact-finding or credibility determinations *** will be made at the evidentiary stage, not the dismissal stage of the litigation"). Despite the State's contentions, the record does not completely contradict Vaughn's primary assertion that, sometime before trial, trial counsel informed him off the record that the State offered a 13-year plea bargain and he was not subject to a mandatory firearm enhancement. Indeed, the record does not reveal the content of trial counsel's conversations with Vaughn regarding a plea or a mandatory firearm enhancement. Nor does the record reflect whether the State at some point discussed a 13-year plea bargain with counsel. Additionally, while the trial court informed Vaughn of the charges against him at arraignment, it never admonished him regarding the sentencing ranges or mandatory firearm enhancements. Thus, the allegations in the petition and attached affidavits regarding counsel's advice about a plea offer and the mandatory firearm enhancement are not completely contradicted by the record.

¶ 35    Reversed and remanded.