**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190098-U

Order filed May 1, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, Knox County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0098 Circuit No. 13-CF-368 |
| KEVIN E. MARTIN, | ) ) ) | Honorable Scott Shipplett, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Circuit court properly dismissed defendant's postconviction petition at the first stage of proceedings.

¶ 2     Defendant, Kevin E. Martin, was convicted of four counts of unlawful dissemination of child pornography (720 ILCS 5/11-20.1(a)(2) (West 2012)) following a stipulated bench trial. He subsequently raised a multitude of claims via postconviction petition, which was dismissed by the circuit court as frivolous and patently without merit. In this appeal, he contends that his petition contained two claims of ineffective assistance of counsel that were sufficiently meritorious, such

that his petition should have been advanced to the second stage of postconviction proceedings. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      The State charged defendant via amended indictment with 31 counts of unlawful dissemination of child pornography. Defendant agreed to proceed via stipulated bench trial in exchange for the State dropping 27 of the charges. The court admonished defendant of the rights he was relinquishing by agreeing to be tried by stipulated bench trial. Defendant concurred, and the court found that defendant was knowingly and voluntarily consenting to the stipulated trial.

¶ 5      The State presented its evidence against defendant. Among that evidence, the State claimed that investigator Tom Berola interviewed defendant after the execution of a search warrant at his home had uncovered child pornography files. After being advised of his *Miranda* rights, defendant admitted that he had been downloading child pornography for 15 years. He stated that the child pornography found on his computer was put there by him, and that he was aware that software on his computer uploaded and distributed his child pornography files. The court found defendant guilty on each of the four counts.

¶ 6      Prior to sentencing, defendant filed a *pro se* motion to recant his "plea of no contest," as well as a "motion for a new attorney." Defense counsel, meanwhile, filed a motion for new trial. In that motion, counsel requested that the court conduct a *Krankel* hearing because "defendant [had] communicated to counsel that he believes counsel did not advise him of all defenses."

¶ 7      At the next court appearance, the court began by conducting a *Krankel* inquiry. Defendant told the court, *inter alia*, that counsel should have a raised a defense of involuntary possession but had failed to. Concerning that particular allegation, counsel responded:

2

"In regards to the defenses, I received a notice saying that I did not advise him of the affirmative defense of involuntary possession of material which, first of all, that was discussed but, secondly, involuntary possession of material I think would just be incumbent on saying I'm not guilty. He didn't at any time tell me he was not guilty."

The court denied the motion for new trial, as well as the "motion for a new attorney." Following a later sentencing hearing, the court sentenced defendant to an aggregate term of 26 years' imprisonment.

¶ 8 On direct appeal, defendant insisted that his stipulated bench trial had been tantamount to a guilty plea, and that the circuit court had therefore been obligated to deliver admonishments pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). *People v. Martin*, 2016 IL App (3d) 140598-U, ¶ 19. This court found that the record was clear that defendant had not presented or preserved a defense, and that his stipulated trial was therefore tantamount to a guilty plea. *Id.* ¶ 23. However, this court held that the circuit court had nevertheless substantially complied with Rule 402. *Id.* ¶ 25.

¶ 9 On March 27, 2017, defendant filed a *pro se* postconviction petition. The sweeping petition included numerous claims, including multiple allegations of ineffective assistance of counsel. Among those allegations, defendant asserted that counsel "failed to inform [defendant] of any obligation of LIFETIME REGISTRATION as a SEXUAL PREDATOR in the context of counsel's plea agreement." Elsewhere in the petition, defendant alleged that he "was prejudiced by Counsel's conduct, or rather, Counsel's lack of adequate representation and adequate preparation."

3

¶ 10        The majority of defendant's petition was devoted to an attack on the issuance and execution of the search warrant. Defendant also denied making the statements to Berola described by the State at trial, asserting that "Berola's testimony was perjurous." Of note, the petition contained no claim of actual innocence, nor did it include any reference to any potential trial defenses.

¶ 11        The circuit court dismissed defendant's petition at the first stage of postconviction proceedings on April 7, 2017. Defendant subsequently filed a *pro se* motion to reconsider. The court never ruled on that motion. On appeal from the dismissal, this court remanded the matter, directing the circuit court to address the motion to reconsider. *People v. Martin*, No. 3-17-0351 (2018) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 12        On remand, defendant filed an amended motion to reconsider. The amended motion summarized his claims of ineffective assistance of counsel. In a separate section, the amended motion alleged that the circuit court had "displayed judicial prejudice and error" in 12 ways, including "failing to consider and/or apply affirmative defense of involuntary possession." The court denied the original motion to reconsider and this appeal follows.

¶ 13                                    II. ANALYSIS

¶ 14        On appeal, defendant argues that the circuit court erred in dismissing his postconviction petition at the first stage of proceedings. Of the many claims raised in that petition, defendant purports to identify two that warranted advancement to the second stage. He contends that his claims "that trial counsel was ineffective for failing to tell him that *** he would have to register as a sex offender for life, and failing to inform him of an available affirmative defense" were arguably meritorious.

¶ 15        As a threshold matter, defendant argues that his stipulated bench trial should be considered tantamount to a guilty plea, and, accordingly, his postconviction claims of ineffective assistance

should be analyzed in that context. The State does not dispute defendant's position. This court has previously held that defendant's stipulated bench trial was tantamount to a guilty plea. *Martin*, 2016 IL App (3d) 140598-U, ¶ 23. That point is thus the law of the case.

¶ 16    The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2014)) provides a three-stage proceeding in which a criminal defendant can assert that his conviction was the result of a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage, the court must accept as true and liberally construe all of the allegations in the petition unless contradicted by the record. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). A defendant need only allege sufficient facts to state the "gist" of a constitutional claim in order for his petition to be forwarded to the second stage. *Hodges*, 234 Ill. 2d at 9. That is, the petition must assert " 'legal points arguable on their merits.' " *Id.* at 11 (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). The circuit court may summarily dismiss a first-stage petition as frivolous or patently without merit where it has no arguable basis in law or fact. *Id.* at 16.

¶ 17    To ultimately prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was objectively unreasonable and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In the context of a guilty plea, "[a] bare allegation that the defendant would have pleaded not guilty and insisted on a trial if counsel had not been deficient is not enough to establish prejudice." *People v. Hall*, 217 Ill. 2d 324, 335 (2005). "Instead, the defendant's claim must be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial." *People v. Presley*, 2012 IL App (2d) 100617, ¶ 36. Of course, a defendant need not prove ineffective

5

assistance by these standards at the first stage of postconviction proceedings. At this stage, "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17.

¶ 18    With regard to defendant's claim that counsel was ineffective for failing to inform him of the requirement to register as a sex offender for life, we find that defendant has failed to allege facts rendering it arguable that he was prejudiced by counsel's omission. See *id.* While it is ultimately insufficient to merely allege that one would have gone to trial rather than pleading guilty, defendant failed to even allege that much. The only reference to any suffered prejudice found in his postconviction petition was the bare statement that he "was prejudiced by Counsel's conduct." Defendant never alleged that he would not have pled guilty had counsel discussed the sex offender registry requirement with him; defendant never raised any potential trial defenses (see *infra* ¶ 19) or even cursorily stated that one existed; and defendant never even professed his own innocence in his petition. In short, there are no facts or legal conclusions found in defendant's petition that create an arguable basis for prejudice.

¶ 19    Defendant contends that he claimed in his petition that "he had a viable statutory affirmative defense, which counsel never informed him about, and which he would have raised at trial." Our review of defendant's postconviction petition, however, demonstrates that this allegation is simply not true. The petition contains absolutely no references to any possible trial defenses, let alone any allegation that counsel failed to inform him of any such defenses.

¶ 20    In discussing this claim in his brief, defendant cites to a page in the trial record corresponding to his amended motion to reconsider, rather than his postconviction petition. That

particular motion, however, was filed outside the scope of this court's mandate.[1] Moreover, even the improperly filed amended motion to reconsider ascribed error only to the circuit court for "failing to consider and/or apply" the affirmative defense of involuntary possession; it did not raise the present claim that trial counsel was ineffective for failing to inform him of that defense.

¶ 21　　　　Finally, that claim would have in any event been barred *res judicata*. Defense counsel's purported failure to inform defendant of the defense of involuntary possession was one of the issues before the circuit court during its preliminary *Krankel* inquiry. Counsel denied the allegation, telling the court that he had, in fact, discussed that defense with defendant. The court apparently found counsel more credible, declining to appoint new counsel for a full *Krankel* inquiry. The issue could have been then raised on direct appeal but was not. See *People v. English*, 2013 IL 112890 ¶ 22 ("[I]ssues that could have been raised on direct appeal, but were not, are forfeited.").

¶ 22　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 23　　　　The judgment of the circuit court of Knox County is affirmed.

¶ 24　　　　Affirmed.

---

[1]In the initial appeal from the dismissal of defendant's postconviction petition, this court observed that the original motion to reconsider had never been ruled upon, and remanded "so the circuit court may make a ruling on that motion." *Martin*, No. 3-17-0351.