NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240493-U

NO. 4-24-0493

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 15, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| KEVIN E. MARTIN, | ) | No. 13CF368 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Andrew J. Doyle, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Harris and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, finding (1) the trial court's order denying defendant's motions for leave to file a successive postconviction petition alleging actual innocence was not ambiguous and (2) the exhibits missing from the appellate record did not warrant remand.

¶ 2     In March 2023, defendant, Kevin E. Martin, filed a motion seeking leave to file a successive postconviction petition, which alleged, *inter alia*, actual innocence. Correspondence between defendant and the circuit court clerk indicates 148 pages of exhibits were submitted with the motion, but the exhibits are absent from the appellate record. In January 2024, before the trial court ruled on his initial motion, defendant filed a second motion for leave to file a successive postconviction petition, raising nearly identical claims. In February 2024, the court entered a denial order, finding "the Defendant's motion claiming actual innocence is frivolous or

patently without merit." Defendant appeals, arguing remand is necessary because (1) the denial order's language is ambiguous regarding which motion it denied and (2) the exhibits missing on appeal prevented the court from conducting a meaningful review of his motions. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          On November 25, 2013, the State charged defendant by amended information with 6 counts of unlawful dissemination of child pornography (720 ILCS 5/11-20.1(a)(2) (West 2012)) and 25 counts of unlawful possession of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2012)).

¶ 5               A. Stipulated Bench Trial and Posttrial Proceedings

¶ 6          The matter proceeded to a stipulated bench trial on November 27, 2013, during which the State made proffers regarding two counts of unlawful dissemination of child pornography, both Class X felonies, and two counts of unlawful possession of child pornography, both Class 2 felonies. The trial court found defendant guilty on all four counts.

¶ 7          On December 11, 2013, defendant filed *pro se* motions seeking to "release counsel" and "recant" his "*nolo contendre* [*sic*] plea." Additionally, defendant's attorney filed a motion for a new trial, asserting, "[T]he defendant has communicated to counsel that he believes counsel did not advise him of all defenses." During the subsequent *Krankel* hearing (see *People v. Krankel*, 102 Ill. 2d 181 (1984)) on January 22, 2014, the trial court denied defendant's request for new counsel and the motion for a new trial.

¶ 8          On February 26, 2014, the trial court sentenced defendant to a total of 26 years' imprisonment—two 8-year sentences for defendant's Class X felony convictions and two 5-year sentences for his Class 2 felony convictions, to be served consecutively.

¶ 9          On March 14, 2014, defendant filed a *pro se* motion for relief from judgment, and

new counsel was appointed. The trial court denied the motion after a hearing on July 30, 2014. Defendant appealed, arguing the stipulated bench trial was tantamount to a guilty plea and the court failed to admonish him properly pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). The appellate court affirmed his conviction. See *People v. Martin*, 2016 IL App (3d) 140598-U, ¶¶ 25-28.

¶ 10                                B. Initial Postconviction Filings

¶ 11            On March 17, 2017, defendant filed his initial postconviction petition, which the trial court summarily dismissed as "frivolous and patently without merit." On April 25, 2017, defendant submitted a letter asking the court to reconsider the dismissal, and defendant appealed the dismissal on June 14, 2017. On December 18, 2018, the appellate court remanded the matter to allow the trial court to address defendant's motion to reconsider. On December 28, 2018, defendant filed an amended motion to reconsider, which the trial court denied. The denial was affirmed on appeal. See *People v. Martin*, 2020 IL App (3d) 190098-U, ¶¶ 14-24.

¶ 12            On September 28, 2020, defendant filed a motion for leave to file a successive postconviction petition, along with an accompanying successive petition. The trial court entered an order denying the motion for leave and dismissing the successive petition, finding, "Once again, Defendant wholly fails to allege facts and simply makes bare contentions without any support," and "there is simply no merit to any claims raised" in the filings.

¶ 13            On March 23, 2021, defendant filed an amended motion for leave to file a successive postconviction petition, which the trial court denied. Defendant filed a motion to reconsider the denial on April 23, 2021, which the court denied. On appeal, the appellate court granted appointed appellate counsel's motion to withdraw and affirmed the trial court's judgment. See *People v. Martin*, No. 3-21-0218 (2022) (unpublished summary order under

Illinois Supreme Court Rule 23(c)).

¶ 14                            C. Postconviction Filings at Issue

¶ 15            On March 31, 2023, defendant filed another motion, seeking leave to file a successive postconviction petition, in which he asserted "Actual Legal Innocence" and argued his initial postconviction petition was wrongfully dismissed, the State or his trial counsel suppressed or withheld evidence from him, and counsel provided ineffective assistance. The petition claimed newly discovered evidence "would be presented within a Successive Petition," and defendant requested a writ to present his motion and the new evidence in person. The petition further sought a substitution of judge and a change of venue. Defendant attached an 88-page affidavit to the petition, which referenced several purportedly suppressed documents, such as police reports upon which the search warrant relied, a Mediacom report dated May 22, 2013, a "Fluke networks AirCheck Detail Report," and " 'the only forensic report generated in this case,' " which was created by "C.E.R.T. and Supervisor of Computer Forensics for the Illinois Attorney General's High Tech Crimes Bureau Zeus Flores (Ex 46-5)."

¶ 16            On the same day, defendant sent a letter to the circuit court clerk requesting the following:

> "Please return a copy of both the enclosed Motion (pp 1-4) and the attached affidavit (A1-A48) showing their filing date. A copy of the exhibits (Exnn) is not necessary but a statement indicating that (148) pgs. of exhibits were filed would be greatly appreciated. Stamping and returning this page would also suffice for the date of filing for the exhibits. Thank you!"

The circuit court docket entry for March 31, 2023, states:

> "DEFENDANT LETTER, PROOF OF SERVICE, MOTION FOR LEAVE FOR

- 4 -

SUCCESSIVE PETITION FOR POST-CONVICTION RELIEF, PETITIONERS

AFFIDAVIT & SUPPORT OF MOTION FILED. [C]OPIES TO AJD & SA.

DOCUMENTS (EXHIBITS/COPIES OF DOCKETS) IN FILE."

Notably, none of those exhibits appear in the record on appeal. According to defendant's opening brief, his appellate counsel contacted the Knox County circuit clerk, the state's attorney's office, and the trial court, but none of the contacted parties could locate the exhibits.

¶ 17 On July 11, 2023, defendant filed a motion for summary judgment premised on the "Expiration of Allotted Time Without Judgement." On August 3, 2023, defendant submitted a letter to the clerk inquiring into the status of his respective motions for leave to file a successive postconviction petition and summary judgment. On October 17, 2023, defendant filed a motion for response from the trial court, requesting a response regarding the court's "failure *** to adjudicate motions previously filed" and its lack of response to defendant's prior communications.

¶ 18 On January 19, 2024, before the trial court addressed the pending motion for leave to file a successive postconviction petition and motion for summary judgment, defendant filed another motion, seeking leave to file a successive postconviction petition. Defendant's new motion for leave to file a successive postconviction petition was nearly identical to the motion filed on March 31, 2023, with the exception that it also alleged the court erred by not adjudicating the earlier motion within 90 days. Additionally, the motion requested a substitution of judge because the court did not adjudicate the previous motion for leave within 90 days, citing section 122-2.1(a) Post-Conviction Hearing Act (Act) for support. See 725 ILCS 5/122-2.1(a) (West 2022).

¶ 19 On February 16, 2024, the trial court entered a denial order, which declared, "This

- 5 -

matter comes before the court on Defendant's Motion for Leave to File Successive Post-Conviction Petition Pursuant to 725 ILCS 5/122-1(f). The court finds that the Defendant's motion claiming actual innocence is frivolous or patently without merit." The court ordered, "The Defendant's Motion for Leave to File Successive Post-Conviction [Petition] Pursuant to 725 ILCS 5/122-1(f) is denied."

¶ 20         This appeal followed.

¶ 21                          II. ANALYSIS

¶ 22         On appeal, defendant argues remand is warranted because (1) the trial court's order entered on February 16, 2024, did not specify which motion for leave to file a successive postconviction petition was denied and (2) the court did not fully consider his motions' contentions where the supporting exhibits were misplaced. We affirm.

¶ 23                       A. Standard of Review

¶ 24         Under the Act, a defendant may raise a constitutional issue that was not, and could not have been, adjudicated on direct appeal. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455-56 (2002). "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2022). While the Act generally contemplates the filing of a single postconviction petition, the statutory bar to a successive petition will be relaxed where the defendant can show cause and prejudice regarding his claim. *People v. Morgan*, 212 Ill. 2d 148, 153 (2004). Alternatively, a defendant may assert an actual innocence claim based on newly discovered evidence. *Morgan*, 212 Ill. 2d at 154. In the postconviction context, evidence is "newly discovered" if it was not available at trial and could not have been discovered earlier through diligence. *Morgan*, 212 Ill. 2d at 154. Such evidence must be material, noncumulative, and "of such conclusive character that it would probably

change the result on retrial." *Morgan*, 212 Ill. 2d at 154. An actual innocence claim set forth in a postconviction petition is not subject to the cause and prejudice test. *People v. Ortiz*, 235 Ill. 2d 319, 330-31 (2009).

¶ 25 Under the Act, a defendant must obtain the trial court's leave to file a successive postconviction petition, and therefore a successive petition will not be considered filed without the court's express permission pursuant to section 122-1(f) of the Act. See 725 ILCS 5/122-1(f) (West 2022); *People v. LaPointe*, 227 Ill. 2d 39, 44 (2007). "Where a defendant fails to first satisfy the requirements under section 122-1(f), a reviewing court does not reach the [petition's] merits." *People v. Welch*, 392 Ill. App. 3d 948, 955 (2009). We review *de novo* a trial court's denial of a motion for leave to file a successive petition. *People v. Bailey*, 2017 IL 121450, ¶ 13.

¶ 26 B. The Trial Court's Denial Order

¶ 27 Defendant contends remand is appropriate because it is unclear whether the trial court's denial order addressed the March 31, 2023, motion for leave to file a successive postconviction petition or the January 19, 2024, motion. The State counters that the order's language indicates it dismissed the March 31, 2023, motion, which was substantively similar to its later counterpart.

¶ 28 The denial order's timing and wording, coupled with the significant similarities between the respective motions, suggests the trial court intended to dismiss both motions. The motions contained nearly identical language regarding defendant's actual innocence assertion and his insistence the newly discovered evidence "would be presented within a Successive Petition." Both motions alleged the court improperly dismissed his earlier postconviction petitions and motions seeking leave to file a successive petition. Both insisted that defendant received ineffective assistance of counsel, the State committed perjury at trial and during

- 7 -

sentencing, and either defense counsel, the State, or both withheld documents material to his actual innocence claim. The only noteworthy distinction between the two motions is the latter's misguided argument that the court erred by not adjudicating the earlier motion within 90 days. This argument relies on section 122-2.1(a) of the Act (725 ILCS 5/122-2.1(a) (West 2022)), which applies to initial postconviction petitions, not motions seeking leave to file a successive petition; indeed, a successive petition cannot be treated as filed until a trial court grants leave. See 725 ILCS 5/122-1(f) (West 2022); *LaPointe*, 227 Ill. 2d at 44. Accordingly, defendant's claims of error based on the court not adjudicating his earlier motion for leave within 90 days lack merit.

¶ 29 We find the denial order treated defendant's two pending motions for leave to file a successive postconviction petition as a single motion raising an actual innocence claim, rather than distinguishing between the two. Defendant's earlier postconviction filings had already raised all the arguments contained in the motions for leave—except the actual innocence claim— and the trial court previously rejected those contentions. In finding "Defendant's motion claiming actual innocence is frivolous or patently without merit," the court addressed and rejected the one new issue raised by both motions for leave. The record indicates the court received the exhibits and affidavit supporting the March 31, 2023, motion for leave, as demonstrated by the March 31, 2023, docket entry asserting copies were sent to "AJD," which are the trial judge's initials. We presume the trial court knew the law and implemented it properly in denying the motions, as the record does not demonstrate otherwise. See *People v. Blair*, 215 Ill. 2d 427, 449 (2005); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Because nothing in the record rebuts the presumption the court considered competent evidence and properly applied the law, the purportedly ambiguous language of its denial order does not

warrant remand. See *People v. Gilbert*, 68 Ill. 2d 252, 260 (1977); *Blair*, 215 Ill. 2d at 449.

¶ 30                                    C. The Missing Exhibits

¶ 31          A defendant bears the burden of submitting sufficient documentation for a trial court to determine whether he established cause and prejudice or made a colorable claim of actual innocence. *Bailey*, 2017 IL 121450, ¶ 21. Leave to file a successive petition "should be denied when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." (Internal quotation marks omitted.) *Bailey*, 2017 IL 121450, ¶ 21.

¶ 32          Likewise, "[w]here the defendant is the party appealing, it is his duty to present an adequate record from which to review any claims of error." *People v. Appelgren*, 377 Ill. App. 3d 137, 140 (2007). "This rule is relaxed where the incomplete record results through no fault of the defendant and the defendant has established a colorable need for the missing portion of the record in order to obtain appellate review." *Appelgren*, 377 Ill. App. 3d at 142-43. Therefore, for defendant to ease his burden of presenting a sufficient appellate record, he must show the exhibits are missing through no fault of his own and "there is a colorable need for the missing [exhibits] in order to receive meaningful review." *Appelgren*, 377 Ill. App. 3d at 143. If defendant establishes both, "the State must show than an alternative to the missing exhibit[s] will suffice for an effective appeal." *Appelgren*, 377 Ill. App. 3d at 143.

¶ 33          Defendant fails to demonstrate the exhibits are missing through no fault of his own. According to defendant's opening brief, he "informed appellate counsel that he still has a copy of his March 31, 2023 filing, including the actual exhibits." Illinois Supreme Court Rule 329 (eff. July 1, 2017) states, "If the record is insufficient to present fully and fairly the questions

involved, the requisite portions may be supplied at the cost of the appellant. If necessary, a supplement to the record may be certified and transmitted." Rule 329 is a "very broad provision" that "allow[s] amendment of the record to supply an omission therefrom." (Internal quotation marks omitted.) *People v. Miller*, 190 Ill. App. 3d 981, 988 (1989). Here, defendant bore the burden of presenting an adequate record on appeal. See *Appelgren*, 377 Ill. App. 3d at 140. The exhibits defendant submitted with his March 31, 2023, motion for leave to file a successive postconviction petition are absent from the record on appeal, Rule 329 allows for the record to be supplemented if necessary, and defendant is in possession of the missing exhibits per his opening brief. Defendant cannot say the exhibits are missing through no fault of his own, as he was statutorily permitted to supplement the appellate record with copies of the exhibits he possesses. Thus, defendant's obligation to provide an adequate appellate record is not relaxed. See *Appelgren*, 377 Ill. App. 3d at 142-43. Accordingly, the missing exhibits on appeal do not warrant remand. Because the record indicates the trial court received a copy of the missing records, and nothing in the record before us rebuts the presumption the court considered competent evidence and applied the law properly, we affirm the court's denial of defendant's motions for leave to file a successive postconviction petition. See *Gilbert*, 68 Ill. 2d at 260; *Blair*, 215 Ill. 2d at 449.

¶ 34                                    III. CONCLUSION

¶ 35            For the foregoing reasons, we affirm the trial court's judgment.

¶ 36            Affirmed.

- 10 -