2021 IL App (1st) 182637-U

No. 1-18-2637

Order filed March 19, 2021

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 08 CR 11567 |
| HAROLD BUTLER, | ) | |
| | ) | Honorable Arthur Hill, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Cunningham concurred in the judgment.

**ORDER**

¶ 1  *Held*: We reverse the summary dismissal of defendant's postconviction petition at the first stage, because the circuit court failed to examine and dismiss the petition within 90 days after it was filed. Defendant was not collaterally estopped from arguing that the circuit court had failed to comply with the 90-day statutory limit.

¶ 2                    BACKGROUND

¶ 3  Defendant Harold Butler appeals from the summary dismissal of his *pro se* postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)),

which the court summarily dismissed at the first stage of the proceedings. On appeal, Butler argues that the dismissal was error because (1) the circuit court dismissed the petition more than 90 days after he filed it, and (2) it stated the gist of a claim of a constitutional violation because it alleged that the circuit court failed to take his youth into account during sentencing. Since the circuit court did not dismiss the petition until the 93rd day after the filing of the petition, we reverse and remand with instructions to advance the petition to the second stage.

¶ 4                                         FACTS

¶ 5      Following a 2009 jury trial, Butler was convicted of attempt first degree murder of a peace officer, aggravated assault and aggravated unlawful use of a weapon. After merging the aggravated assault conviction with the attempt murder conviction, the circuit court sentenced Butler to a term of 28 years' imprisonment for the attempt murder and a concurrent three-year term for the aggravated unlawful use of weapon. We affirmed Butler's conviction and sentence on direct appeal over his contentions that the prosecutor made improper remarks during her rebuttal argument and that the circuit court failed to conduct an inquiry into his *pro se* posttrial allegations that trial counsel rendered ineffective assistance of counsel. *People v. Butler*, 2012 IL App (1st) 101823-U.

¶ 6      On November 11, 2013, Butler filed a motion for extension of time to file a postconviction petition. The circuit court denied the motion. The record does not contain any copy of any postconviction petition filed around that time.

¶ 7      On September 13, 2016, Butler filed a section 2-1401 petition for post-judgment relief and a *habeas corpus* petition (735 ILCS 5/10-101 (West 2014)) alleging the following: (1) his conviction for aggravated unlawful use of a weapon was void under *People v. Aguilar*, 2013 IL 112116; (2) his indictment was obtained through deceptive means; and (3) his convictions violated

the one-act-one-crime doctrine. On November 17, 2016, the court granted Butler's section 2-1401 petition as to his *Aguilar* claim, but denied it in all other respects. The court also denied his *habeas corpus* petition.

¶ 8    Butler filed another *habeas corpus* petition on February 7, 2017, alleging that since his conviction for aggravated unlawful use of a weapon had been vacated, his attempt murder of a peace officer must also be vacated. The circuit court dismissed the petition on June 9, 2017.

¶ 9    On June 11, 2017, Butler filed a second section 2-1401 petition for relief from judgment, alleging that his attempt first degree murder of a peace officer conviction was rendered void as a result of the invalidation of his aggravated unlawful use of a weapon conviction. This claim was the same as that in his *habeas corpus* petition that had been dismissed on June 9, 2017. On August 31, 2017, the court denied his petition. Butler appealed. This court granted counsel's motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987) and affirmed. *People v. Butler*, No. 1-17-2973 (2019) (unpublished summary order under Supreme Court Rule 23(c)).

¶ 10    On May 7, 2018, the clerk of the circuit court of Cook County received a 16-page document from Butler captioned "Motion for Leave to File Successive Post-Conviction Petition Pursuant to 725 ILCS 5/122-1(f)." Attached to the document were various exhibits. The clerk stamped the motion as "filed" on May 9, 2019. Although labeled as a motion, it contains the standard text and arguments normally seen in a *pro se* postconviction petition. Among other issues, the petition raises claims that the court did not take Butler's youth into account when sentencing, and that his confession was coerced.

¶ 11    The postconviction petition came before the court on August 10, 2018. After reciting the history of Butler's various postconviction filings, the court stated: "He has attempted to file a

postconviction petition in the past. However, he has never successfully filed one. Therefore, the petition relied on—the petition filed on May 9th of this year is the defendant's initial postconviction petition." After reviewing the relevant facts in detail in open court, the court then dismissed the petition at the first stage, stating that it was "frivolous and utterly without merit." This appeal followed.

¶ 12                                              ANALYSIS

¶ 13    On appeal, Butler raises two assignments of error. He first argues that since the circuit court did not dismiss the petition until the 93rd day after it was filed, it was required to advance the petition to the second stage. He also contends that the petition stated the gist of a constitutional claim with respect to the court's failure to take his youth into account when sentencing. We review the dismissal of a postconviction petition without an evidentiary hearing *de novo. People v. Harris*, 224 Ill. 2d 115, 123 (2007). Because we find the first issue dispositive, we do not reach the second issue.

¶ 14    Butler contends the circuit court improperly dismissed his petition because it did so more than 90 days after the clerk's office filed and docketed his petition, in violation of section 122-2.1(a)(2) of the Act. His petition was docketed on May 9, 2018, the date the clerk of the circuit court stamped "Filed" on his petition, and the circuit court did not dismiss the petition until 93 days later on August 10, 2018.

¶ 15    Section 122-1 of the Act states that a postconviction proceeding "shall be commenced by filing with the clerk of the court in which the conviction took place a petition *** verified by affidavit. ***. The clerk shall docket the petition for consideration by the court pursuant to Section 122-2.1 upon his or her receipt thereof and bring the same promptly to the attention of the court."

725 ILCS 5/122-1(b) (West 2016). Section 122-2.1 provides: "(a) Within 90 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. * * * (b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122-4 through 122–6." 725 ILCS 5/122-2.1 (West 2016).

¶ 16    The 90-day time period of section 122-2.1 is mandatory, not directory, and a circuit court's noncompliance with the provision renders its summary dismissal of the petition void. *People v. Porter*, 122 Ill. 2d 64, 86 (1988). If the circuit court fails to act within the 90-day period, the court must docket the petition for second stage proceedings pursuant to sections 122-4 through 122-6 of the Act. *People v. Rouse*, 2020 IL App (1st) 170491, ¶ 44.

¶ 17    The State does not quarrel with the circuit court's finding that the May 9, 2018, postconviction petition was Butler's first postconviction petition. The State also concedes that the circuit court did not act upon Butler's petition within the requisite 90 days. Here, based on its review of the docket history, the circuit court correctly found that the May 9, 2018, postconviction petition was Butler's first such petition, despite its caption to the contrary. "The character of [a] pleading is determined from its content, not its label." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002) (citing *Barnes v. Southern Ry. Co.*, 116 Ill. 2d 236 (1987)). Because it was an initial postconviction petition, it was subject to the 90-day disposition requirement of the Act.

¶ 18    The State contends, however, that Butler is not entitled to relief because he is collaterally estopped from arguing that the dismissal was untimely because he captioned his petition as a "successive" petition, which presumably led the court to believe that it need not act on it within 90

days. Circuit courts need not dispose of successive postconviction petitions within 90 days of filing. *People v. LaPointe*, 227 Ill. 2d 39, 44 (2007).

¶ 19    Collateral estoppel is commonly applied to bar relitigation of an issue that was already decided in a prior case. See, *e.g., Gumma v. White*, 216 Ill.2d 23, 38 (2005) (listing the elements of collateral estoppel as: (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication.). Here, the State does not contend that Butler's earlier postconviction efforts somehow estop him from proceeding with an initial petition under the Act. Therefore, State's characterization of its argument as sounding in collateral estoppel is imprecise. It appears that the State's argument is based on the doctrine of invited error. Our supreme court has noted that Illinois courts "sometimes refer" to an invited error claim as "one of estoppel". *People v. Matthews*, 2016 IL 118114, ¶ 14.

¶ 20    Under the doctrine of invited error, "it is well established that 'an accused may not ask the trial court to proceed in a certain manner and then contend in a court of review that the order which he obtained was in error.' " *People v. Segoviano*, 189 Ill. 2d 228, 241 (2000) (quoting *People v. Lowe*, 153 Ill. 2d 195, 199 (1992)); see also *People v. Hawkins*, 181 Ill.2d 41, 58 (1998) ("[T]he law is understandably reluctant to aid litigants responsible for the very errors of which they complain.").

¶ 21    Nothing in the record suggests that Butler deliberately mischaracterized his petition so as to mislead the court. In fact, Butler mislabeled his petition in a manner that was detrimental to his own interests and could not have possibly gained him any tactical advantage. Our supreme court

has explained that "the purpose of the Act is to provide a statutory mechanism for incarcerated defendants to assert they have been unconstitutionally deprived of their liberty." *People v. Johnson*, 2018 IL 122227, ¶ 17 (citing Albert E. Jenner Jr., The Illinois Post-Conviction Hearing Act, 9 F.R.D. 347, 357 (1949) ("The purpose of the Act was to provide a certain and adequate procedure by which persons incarcerated in Illinois penal institutions can obtain a hearing *** into the question of whether they were denied substantial constitutional rights in the proceedings."); and *People v. Pier*, 51 Ill. 2d 96, 98 (1972) (the Act "was designed to afford to the convicted an opportunity to inquire into the constitutional integrity of the proceedings in which the judgment was entered")). "Where defendants are acting *pro se*, courts should review their [postconviction] petitions 'with a lenient eye, allowing borderline cases to proceed.' " *People v. Hodges*, 234 Ill. 2d 1, 21, (2009) (quoting *Williams v. Kullman*, 722 F. 2d 1048, 1050 (2d Cir. 1983)).

¶ 22    These purposes are of paramount importance to ensure the integrity of our criminal justice system and to protect those unjustly convicted. In light of those purposes and our supreme court's direction regarding how the Act should be applied, we cannot find that the *pro se* defendant's mere labeling of his petition as "successive" should bar from exercising the important rights granted to him under the Act. If we were to hold otherwise, his petition would be subject to the much stricter cause and prejudice requirements of successive postconviction petitions. That would deprive him of an important statutory right and be an unjust result under the facts presented.

¶ 23                                   CONCLUSION

¶ 24    We reverse the judgment of the circuit court of Cook County and remand with instructions to advance the petition to the second stage. Because defendant will be provided with counsel at the second stage who may seek to amend the original *pro se* petition, we do not address defendant's

contention that the petition stated the gist of a constitutional claim that the circuit court failed to take his youth into account when it imposed its sentence.

¶ 25    Reversed and remanded with instructions.